UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| N314MG, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> BENJAMIN D. KITCHENS, <br> LISA KITCHENS, <br><br> Defendants. | 2:17-CV-13177-TGB <br><br> ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT AND DISMISS CASE (DKT. 17) AND DENYING, AS MOOT, PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. 14) |

This case concerns a mechanic's lien that had been placed against the title to an aircraft in Florida. Plaintiff N314MG, LLC is a Michigan limited liability company and the registered owner of a 1978 Cessna 340A airplane (the "Plane") (Dkt. 1 ¶ 1, Compl.). According to the Federal Aviation Administration, Plaintiff resides in Au Gres, Michigan, Arenac County.[1]

---

[1] *See* http://registry.faa.gov/aircraftinquiry/ (last visited June 13, 2018)

Defendants Benjamin and Lisa Kitchens are husband and wife. Benjamin Kitchens is an aircraft mechanic from Florida, conducting business as "CPR Aviation Window Repairs" (Dkt. 1, Ex. 1, Florida Fictitious Name Registration, Pg IDs 9-11). It is not entirely clear why Defendant Lisa Kitchens has been named as a Defendant in this lawsuit. Defendant Benjamin Kitchens claims that he performed $41,245.94 in repair work in Florida on the Plane when it was owned by a previous owner – Tilgent Marine, LLC, a Florida limited liability company.[2] Defendant Benjamin Kitchens claims that he was never paid for this work, so he filed a lien on the title of the Plane in Florida (Dkt. 1, Ex. 2, Lien, Pg ID 13-15).

On September 28, 2017, Plaintiff sued Defendants in this Court to discharge the lien from the Plane, and for money damages for slander of title (Dkt. 1). Before that happened, however, Defendant Benjamin

---

[2] Tilgent Marine was owned by John Scholtz, the owner and operator of Innovative Payroll Services, a payroll processing company. While unrelated to the merits of this case, the Court notes that media reports indicate that Scholtz pleaded guilty to embezzlement in the United States District Court for the District of New Jersey, and was sentenced to five and a half years in prison. As part of his plea, Scholtz admitted that from February 2012 to January 2016, he withdrew or had others withdraw funds from client accounts. He then used the funds to pay operating expenses and his personal expenses, including a deposit on a $1.8 million house in Florida, credit card payments, investments and payments for cars, boats and airplanes. One of Scholtz's airplanes appears to be the Plane at issue in this case.

2

Kitchens sued *Plaintiff* in the Pinellas County Circuit Court in Florida (Case No. 17-005666-CI). The Florida lawsuit was filed on September 15, 2018, and sought to foreclose (i.e., enforce) the lien on the Plane. The named defendants in the Florida state lawsuit included Plaintiff, Tilgent Marine, LLC, and the Plane.[3] That litigation is ongoing (Dkt. 20).

Adding to the procedural complexity of this case, Defendants filed for Chapter 7 Bankruptcy in the Middle District of Florida on December 8, 2017. Plaintiff in this case sought leave from the Bankruptcy Court in Florida to lift the automatic stay. On February 13, 2018, the Bankruptcy Court granted Plaintiff's motion, but only permitted Plaintiff to attempt to clear the lien from the Plane, and barred Plaintiff's claim for money damages against Defendants (Dkt. 9, Pg IDs 50-51). Thus, this litigation was back on track, but Defendants never filed a responsive pleading to the Complaint.[4] Accordingly, Plaintiff filed requests for clerk's entry of default against Defendants on February 21, 2018 (eight days after the

---

[3] The Florida lawsuit also involved a lien on a second airplane, not at issue in the present case.

[4] Defendants were served with the Summons and Complaint on December 1, 2017 (Lisa Kitchens) and on December 4, 2017 (Benjamin Kitchens) (Dkt. 5).

3

Bankruptcy Court lifted the stay) (Dkt. 11), which the clerk promptly granted (Dkts. 12, 13).

Before the Court are Plaintiff's motion for entry of a default judgment against Defendants (Dkt. 14) and Defendants' motion to vacate the clerk's entry of default and motion to dismiss this case for lack of subject matter jurisdiction, lack of personal jurisdiction, and *Colorado River* abstention (Dkt. 17). The Court has concluded that oral argument would not be beneficial to the resolution of either of the pending motions. Accordingly, both motions will be decided solely on the basis of the parties' written submissions. *See* E.D. Mich. LR 7.1(f).

For the reasons set forth below, Defendants' motion to dismiss (Dkt. 17) will be **GRANTED**, and Plaintiff's motion for default judgment will be **DENIED AS MOOT**. Consequently, this case will be **DISMISSED WITHOUT PREJUDICE**.

## ANALYSIS

As noted above, Defendants raise three challenges to this Court's ability to preside over this case – (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; and (3) that *Colorado River* abstention

4

bars Plaintiff's claims. The Court finds Defendant's second and third arguments are well-taken, and will dismiss the case on those grounds. As such, the Court does not consider the merits of Defendants' subject matter jurisdiction argument.

### A. *Personal Jurisdiction*

Personal jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of the district court, including entry of a default judgment. *See Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006). Subject matter jurisdiction in this case is based upon diversity. To determine whether personal jurisdiction exists over an out-of-state defendant, the court must find: (1) whether the forum state's long-arm statute authorizes jurisdiction; and (2) if so, whether exercising that jurisdiction comports with constitutional due process. *See Air Products & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007).

The relevant question under the Due Process Clause is whether the nonresident defendant possessed such "minimum contacts" with the forum state that exercising jurisdiction would comport with "traditional notions of fair play and substantial justice." *SFS Check, LLC v. First*

5

*Bank of Delaware*, 774 F.3d 351, 356 (6th Cir. 2014) (internal quotations omitted). The Sixth Circuit has its own three-pronged test for assessing the existence of "minimum contacts":

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Id.*

"To survive a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), a plaintiff must prove that jurisdiction is proper over each defendant individually." *Id.* In deciding such a motion, a court may decide the motion "on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." *Serras v. First Tenn., Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989) (internal quotation marks omitted). Here, no party has requested further discovery or an evidentiary hearing, and this Court finds that neither is necessary for it to determine the issue

at hand. Thus, the Court will decide Defendants' motion on the basis of affidavits alone.[5]

The plaintiff bears the burden of establishing the existence of personal jurisdiction. *Id.* However, as in the present case, where a Rule 12(b)(2) motion is decided solely on written submissions and affidavits, "the burden of the plaintiff is relatively slight," *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988) (internal quotation marks omitted), and "the plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

Under the prima facie standard, although the plaintiff may not rest on pleadings alone in the face of the movant's evidence, the Court must "consider the pleadings and affidavits in the light most favorable to the plaintiff." *Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). At the same time, however, a plaintiff's pleadings must still "have established with reasonable particularity those specific facts

---

[5] Defendants' motion to dismiss was filed as a "verified" motion, and Defendants individually signed declarations attesting to the truth of the statements contained in their motion. As such, Defendants' verified motion serves as an affidavit, or a sworn statement.

7

that support jurisdiction." *Palnik v. Westlake Entm't, Inc.*, 344 Fed. App'x. 249, 251 (6th Cir. 2009).

Plaintiff argues that personal jurisdiction over Defendants exists under Michigan's "long-arm" statute, specifically Mich. Comp. Laws § 600.705(2). This provision provides for personal jurisdiction over nonresidents for claims "arising out of" acts that include "doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort." *Id.* The primary evidence relied upon by Plaintiff to establish personal jurisdiction over Defendant Benjamin Kitchens is a series of text messages sent between Mr. Kitchens and Plaintiff's sole member, Carl Jennings (Dkt. 19, Exs. 1-2, 4-10, Text Messages). These text messages concern Defendant Kitchens attempts to enforce the lien, and also offers of settlement. Plaintiff also points to a fax transmission (sending a copy of the lien) from Mr. Kitchens to Mr. Jennings on April 13, 2017 (Dkt. 19, Ex 3). These communications, standing alone, are simply not enough to subject Defendants to the personal jurisdiction of this Court. All of the operative events in this case – the repair work on the Plane, and the recording of the lien – occurred in Florida. The injury complained of by Plaintiff – the recording of an allegedly slanderous lien – happened

8

in Florida. The text messages and the fax, themselves, are simply not the alleged root cause of Plaintiff's injury. In *SFS Check*, the Sixth Circuit concluded that "[t]he injury that preceded the phone calls could not have arisen from the phone calls." *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 357 (6th Cir. 2014). Here, we don't have phone calls, we have text messages. But, the result is the same. Again, Plaintiff's claimed injury arose from the recording of the lien on the Plane, which indisputably happened in Florida. Plaintiff alleges no injury arising from the fact that Defendant Benjamin Kitchens sent text messages and a fax to Michigan. The messages therefore do not establish that Kitchens purposefully availed himself of Michigan's jurisdiction.[6] The record before the Court demonstrates that there is no personal jurisdiction over Defendants in this case. Consequently, the Court will dismiss Plaintiff's Complaint without prejudice to Plaintiff's ability to re-file this action in a court that has personal jurisdiction over Defendants. Or, Plaintiff may seek a discharge of the lien in response to the lawsuit already pending in

---

[6] It should be noted that Plaintiff does not advance any argument as to how Defendant Lisa Kitchens – Benjamin's wife – purposefully availed herself of acting in Michigan.

9

Florida. Which brings us to the second reason why Plaintiff's Complaint must be dismissed.

### B. Colorado River *Abstention*

Defendants also argue that this Court should dismiss Plaintiff's Complaint based on the *Colorado River* abstention doctrine. The Court begins its analysis of those arguments by noting the Supreme Court's and Sixth Circuit's warning that "abstention is an 'extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it,'" and that "'only the clearest of justifications' will warrant abstention." *Rouse v. DaimlerChrysler Corp.*, 300 F.3d 711, 715 (6th Cir. 2002) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813-819, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) ). The Court further notes that because they are contesting jurisdiction, Defendants bear the burden of proving that abstention is proper. *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 467 (6th Cir. 2009).

The abstention doctrine identified in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d

483 (1976) ("Colorado River"), permits a federal court to abstain from exercising jurisdiction over a matter "in deference to a parallel state-court proceeding if abstention will best promote the values of efficient dispute resolution and judicial economy." *Gentry v. Wayne Cty.*, No. 10-cv-11714, 2010 WL 4822749, at *2 (E.D. Mich. Nov. 22, 2010) (citing *Colorado River*, 424 U.S. at 817-18, 96 S.Ct. 1236; *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998)). The Sixth Circuit has identified two prerequisites for abstention under this doctrine: First, the court must determine that the concurrent state and federal actions are parallel. *Romine*, 160 F.3d at 339-40. Second, the court must consider the factors outlined by the *Colorado River* Court: (i) whether the state court has assumed jurisdiction over any res or property; (ii) whether the federal forum is less convenient to the parties; (iii) avoidance of piecemeal litigation; and (iv) the order in which jurisdiction was obtained. *Romine*, 160 F.3d at 340-41 (citing *Colorado River*, 424 U.S. at 818-19, 96 S.Ct. 1236).

In this case, all factors but one point favorably toward the Court's abstaining from hearing this case. First, both this suit and the Florida suit involve the propriety of a mechanic's lien on the Plane which arose in the other forum. Thus, the suits are parallel. Second, the Florida state

11

court has assumed jurisdiction over the res of the airplane because the Florida suit is against the Plane itself as a named Defendant. As for the convenience of the parties, this factor is neutral because, while it is undoubtedly more convenient for Plaintiff to litigate at home in Michigan, it is also more convenient for Defendants to litigate at home in Florida. The need to avoid piecemeal litigation counsels toward dismissal because maintaining this suit would allow two separate courts to preside over the same controversy, running the risk of inconsistent results. Finally, the order in which jurisdiction was obtained gives priority to the Florida lawsuit because it was filed first. All of the *Colorado River* factors militate in favor of abstention with the exception of the convenience of the parties, and the Court gives little weight to that factor because it is neutral.

Consequently, the Court finds that it should abstain from hearing this lawsuit, in favor of the parties' litigating this matter in the Florida courts, where the issue was initially joined.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss (Dkt. 17) is **GRANTED**, and Plaintiff's motion for default judgment is **DENIED AS MOOT**. Consequently, this case will be **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

BY THE COURT:

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: June 25, 2018

## Certificate of Service

I hereby certify that this Order was electronically submitted on June 25, 2018, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager